JOHN EVANS, appellant, *v.* HORACE LANDON, appellee.

*Appeal from Greene.*

The object of the statute of Illinois which authorizes suits to be instituted by petition and summons, on bonds and promissory notes, is to enable every man to bring his own suit.

A suit by petition and summons will lie upon a note to which the following condition was annexed: " The above sum may be paid in good bank paper;" and the averment in the petition that " the debt remains unpaid" is sufficient.

THIS cause was heard in the Court below, at the April term, 1839, before the Hon: William Thomas. Judgment was rendered for the plaintiff for $650, debt and $41,28 damages and costs of suit. The defendant appealed to this Court.

CYRUS WALKER, for the appellant, contended that this form of remedy would not lie in this case. That the statute under which this proceeding was had, was borrowed from Kentucky ; and that it was a principle of judicial exegesis, that when one State or country adopted a statute from another, in the enactment of the statute, the construction which was given to it in the country from whence it was taken, was adopted. In Kentucky it has been decided that this remedy will not lie where it is necessary to make any averment. 6 Monroe 335. The note sued on is not for the direct payment of money, nor for the direct payment of property, but for one or the other ; and consequently to sustain the action, there should be an averment of the non-payment of the property or bank paper. The act is in derogation of the common law, and should be strictly construed.

S. T. LOGAN, for the appellee, said the act was not in derogation of the common law, but of a highly remedial nature, and should receive a most liberal construction. That it was an act for

the people, the whole people ; enabling them to dispense entirely with lawyers, and each man of them to bring his own suit. The averment that the debt is not paid is all that can be necessary.

BROWNE, Justice, delivered the opinion of the Court :
This is an appeal brought from the Circuit Court of Greene county. A petition was filed under a statute of our State "simplifying " proceedings at law for the collection of debts, upon the following note :
" Sixty days after date I do promise to pay Horace Landon, the sum of six hundred and fifty dollars, dated this 29th day of January, 1838. The above sum may be paid in good bank paper.    JOHN EVANS."
The defendant filed a general demurrer to the petition, which was overruled by the Court, and judgment given for the plaintiff, from which decision the defendant appealed to this Court. The assignment of errors presents the question whether the remedy by petition can be applied to such a note. They have a statute in Kentucky very similar to ours, which has always been liberally construed by their courts. It seems to me one of the objects of the statute was to enable any person to bring his own suit. I am strengthened in this opinion, from the circumstance of the form of the petition being laid down in the statute. The statute is intended to give a more speedy remedy than was afforded by proceedings at law. This form of remedy was given in an action on a bond or note only, because the bond or note furnished *prima facie* evidence of the debt, and there was not likely, as in other cases, to exist extraneous matters of defence. When the suit is brought by petition and summons, the statute requires the defendant to appear and answer the demand on the second day of the term. If the suit had been brought in the usual mode, it perhaps would have been necessary for the plaintiff to aver the non-payment of the bank bills as well as the money. But the averment in this case is made in the terms of the statute ; that the same " debt remains unpaid," which is in our opinion sufficient. This averment does not preclude the defendant from pleading a tender of payment of the bank bills or money. It is therefore considered that the judgment of the Circuit Court be affirmed with costs.
*Judgment affirmed.*